**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 15, 2009

Charles R. Fulbruge III
Clerk

No. 09-50529
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RENE HERNANDES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:08-CR-974-1

Before KING, JOLLY, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Rene Hernandes was sentenced to 46 months in prison and three years of supervised release following his conviction of one count of illegal reentry into the United States. On appeal, Hernandes argues that his within-guidelines sentence is greater than necessary to achieve the aims of 18 U.S.C. § 3553(a). Following *United States v. Booker*, 543 U.S. 220 (2005), we review sentences for reasonableness in light of the sentencing factors in § 3553(a). *United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005). Pursuant to *Gall v. United States*,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

552 U.S. 38, 51 (2007), we engage in a bifurcated review of the sentence imposed by the district court. *United States v. Delgado-Martinez,* 564 F.3d 750, 752 (5th Cir. 2009). First, we consider whether the district court committed a "significant procedural error." *Id.* at 752-53. If there is no such error, we then review the substantive reasonableness of the sentence imposed for an abuse of discretion. *Id.* at 751-53. "[A] sentence within a properly calculated Guideline range is presumptively reasonable." *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

Hernandes argues that in light of *Kimbrough v. United States*, 552 U.S. 85, 109-10 (2007), his sentence should not be afforded a presumption of reasonableness because U.S.S.G. § 2L1.2 is not supported by empirical studies. As he concedes, this argument is foreclosed by circuit precedent. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009); *see also United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009).

Hernandes also argues that § 2L1.2 improperly double counted his prior conviction. We have rejected the argument that a sentence imposed in accordance with § 2L1.2 is greater than necessary to meet § 3553(a)'s goals as a result of the alleged double counting inherent in that Guideline. *See Duarte*, 569 F.3d at 529-31. Hernandes has not shown that his sentence was either procedurally flawed or substantively unreasonable.

The judgment of the district court is AFFIRMED.